KETON, et al v. CITY OF MIAMI.
No. 58 C 9076.

Circuit Court, Dade County.

May 11, 1959.

Harry Housen and John H. Gunn, both of Miami, for plaintiffs.

Ferrell & Young, Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

This cause coming on for final hearing before the court, and the court having considered the testimony adduced and the exhibits introduced into evidence, and having heard argument of counsel, and being otherwise fully advised in the premises, finds as follows—

That this court has jurisdiction of the parties and of the subject matter of these proceedings; that the instant suit is properly brought in equity under the declaratory decree statutes of the state of Florida; and that the equities herein are with the plaintiffs.

That the nominal plaintiffs truly represent the class they purport to represent, and that the instant suit is a proper class suit under rule 3.6 of the 1954 rules of civil procedure.

That under authority of section 11, article VIII, constitution of the state of Florida, the electorate of Dade County, on May 21st, 1957, adopted a metropolitan charter of Dade County, said charter empowering the Dade County Commission to pass and enforce ordinances for the local government of all of Dade County (plaintiffs' exhibit 6) ; that pursuant to and under the authority of the charter so adopted, the Dade County Commission, on the 20th day of September, 1957, adopted ordinance no. 57-12 entitled "Traffic Ordinance of Dade County, Florida," with an effective date of December 1st, 1957 (plaintiffs' exhibit 7), said ordinance repealing and superseding all municipal traffic codes and ordinances of the city of Miami then in existence (plaintiffs' exhibit 2).

That thereafter the board of county commissioners of Dade County, on the 5th day of October, 1957, adopted ordinance no. 57-13, said ordinance establishing a metropolitan court for the trial of all traffic violations occuring in Dade County as set forth in the aforementioned traffic ordinance for Dade County, and further superseding and making ineffectual all parts of the municipal charter of the city of Miami empowering the defendant city to enact and enforce subsequently enacted traffic ordinances or codes (plaintiffs' exhibit 8, section 3.26) and with an effective date of October 5th, 1957 (plaintiffs' exhibit 8).

That on the 19th day of December, 1957, the board of county commissioners adopted ordinance no. 57-32, having an effective date of December 29, 1957, and amending the aforementioned ordinance no. 57-12 as amended by ordinance no. 57-27 (plaintiffs' exhibit 9), postponing the effective date of ordinance no. 57-12 (plaintiffs' exhibit 7) until the 1st day of March, 1958.

That by reason of the foregoing, city of Miami ordinance no. 5853 adopted by the commission of the city of Miami on the 19th day of December, 1956, entitled "Model Traffic Ordinance" (plaintiffs exhibit 2), was as of the 1st day of March, 1958, null and void, and that chapter 38 of the code of the city of Miami, 1957 (plaintiffs' exhibit 1) adopted by the city in November of 1958,

was null and void for lack of charter power by the city to pass and/or adopt traffic ordinances within the confines of Dade County.

That the defendant city has, since the 1st day of March, 1958, issued to persons, too numerous to make it practicable to bring them all before this court, summonses or citations requiring the payment of a fixed fine (plaintiffs' cumulative exhibit 3, and exhibit 4) and, in addition thereto, made arrests with subsequent trials, convictions and sentences to pay a fine in the municipal court in and for the city of Miami, or, in lieu thereof, to serve a "term of days" in the city jail for violations of its aforementioned alleged traffic ordinances, and has collected sums of money in payment of fines (plaintiffs' cumulative exhibit 3, exhibit 4, and exhibit 5).

That the sums of money collected upon arrests for which summonses issued and a fixed fine was paid without the necessity of the defendant going to court, were paid without authority of law and without there being any existing legal ordinance of the city of Miami upon which such sums could be demanded and received; that those fines which were paid as a result of a conviction in the municipal court in and for the city of Miami were illegally collected and exacted in a proceeding before the municipal court in and for the city of Miami at a time when the city had no ordinance upon which defendants could be tried for traffic violations and the said court was divested of jurisdiction to try traffic violators; that, therefore, the exaction of such monies under either of the two circumstances was without due process of law and in violation of the constitutional rights guaranteed under the declaration of rights, section 12, of the constitution of the state of Florida, and deprived the persons from whom said money was exacted of due process of law within the meaning of the constitutional provisions inveighing against such actions.

It is the considered opinion of the court that it would be unconscionable under the long established equitable principles of unjust enrichment for a court of equity to allow the defendant city to financially benefit and enrich itself by its long continued, illegal extraction of monies without due process of law from those persons passing through and within its city limits in violation and contravention of every citizen's basic constitutional rights, as set forth in the constitution of the state of Florida, and that those persons who have paid such monies in satisfaction of fines and sentences are entitled to the return of their monies so paid.

It is therefore ordered, adjudged and decreed —

That the defendant city of Miami, its officers, officials, municipal judges, agents, servants or employees are hereby enjoined and restrained hereafter from levying, imposing or collecting any fines or sentences from or against any persons traveling through or within the city's limits for violations of its alleged traffic ordinances, and from trying or attempting to try such persons in its municipal court.

That the exaction and collection of the sums of money by the city of Miami from the plaintiffs, and those whom they represent herein, was, in one instance, done by the city without any valid subsisting ordinance providing for such collection, and, in the other instance, by a court which had no jurisdiction to try such persons, and that the taking, therefore, in each instance was wrongful, illegal and without authority of law, and that those persons who have paid such monies as aforesaid are entitled to the return thereof.

That the defendant city is hereby directed to render an accounting to this court within thirty days from the date of this order for all such sums of money collected by it from the plaintiffs and the class of various persons represented herein since the 1st day of March, 1958, to the date of this order for violation of its alleged traffic ordinances.

That this court expressly retains jurisdiction of this cause for the purpose of entering such other and further orders and decrees as may be necessary and proper in the premises.