STATE, ex rel. BAZSO v. FOX, Chief of Police.

No. H. C. 2297.

Circuit Court, Dade County.

September 15, 1961.

J. T. Blackard and Charles A. Gould, Jr., both of Miami, for petitioner.

Allan H. Rothstein, Assistant City Attorney, Miami Beach, for respondent.

Thomas C. Britton, Assistant County Attorney, for Dade County.

FRANCIS J. CHRISTIE, Circuit Judge.

Petition for a writ of habeas corpus was filed on September 14, 1961. The petition recites that the petitioner, William Bazso, was tried and convicted in the municipal court of Miami Beach for the following offenses — driving while intoxicated, leaving the scene of an accident, no driver's license, and public intoxication. The petition further states that the petitioner was convicted of the above offenses, was fined or in the alternative sentenced to serve 184 days and was being restrained of his liberty by virtue of his incarceration after having served the municipal court's sentence of 4 days for public intoxication, which is of course a non-traffic offense, but that his continued incarceration after 4 days constituted an illegal and unlawful restraint of his liberty in that his trial and conviction in that court for traffic offenses was illegal and void because the court had no jurisdiction to try traffic offenses.

This court issued a writ of habeas corpus commanding the respondent, as chief of police of the City of Miami Beach, to produce the body of the petitioner before it, and to show upon what authority the petitioner was being held.

The return of the respondent recites, inter alia, that the petitioner pleaded guilty to the traffic offenses, was tried, convicted and sentenced to the municipal jail of Miami Beach for a period of 180 days.

The respondent through his counsel contends that this case differs from ordinary traffic violations, which municipal courts no longer have jurisdiction to try, in that the petitioner entered a plea of "guilty" to the traffic charges, which vested in the municipal court jurisdiction to try the offenses, or in the alternative that by such plea he waived his right to contest the court's jurisdiction and sentence.

Petitioner's counsel contends that if the municipal court was without jurisdiction to try traffic violations, it was not empowered to "accept" pleas of "guilty" to traffic offenses — with which this court heartily agrees.

"Jurisdiction", as defined by Black's Law Dictionary, 3d Ed., "is the power and authority constitutionally conferred upon (or constitutionally recognized as existing in) a court or judge to pronounce the sentence of the law, or to award the remedies provided by law, upon a state of facts, proved or admitted, referred to the tribunal for decision, and authorized by law to be the subject of investigation or action by that tribunal, and in favor of or against persons (or a res) who present themselves, or who are

brought before the court in some manner sanctioned by law as proper and sufficient."

"Waiver", as defined by the same dictionary, "is the renunciation, repudiation, abandonment, or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong."

It is fundamental that a person cannot waive jurisdiction in a court that is not vested with jurisdiction in the first instance. This court, the Third District Court of Appeal and our Supreme Court have on several occasions held that municipal courts in Dade County under metropolitan home rule are no longer vested with the power, authority or jurisdiction to try traffic violations. See Miami Shores Village v. County Commissioners, 12 Fla. Supp. 168, aff'd by Sup. Ct., 108 So. 2d 468; Keton v. City of Miami, 14 Fla. Supp. 68, aff'd in part, rev'd in part by Sup. Ct., 115 So. 2d 547; Dade County v. City of Miami Beach, 16 Fla. Supp. 145, appeal dism'd without opinion by Sup. Ct., 122 So. 2d 84, rehearing denied, 129 So. 2d 413; State, ex rel. Mosher v. City of Miami Beach (writ of prohibition), 121 So. 2d 486, cited by Circuit Judge Cannon in Dade County v. City of Miami Beach, 16 Fla. Supp. 145 at page 147; and City of Miami Beach v. Cowart, Fla. Sup. Ct., 116 So. 2d 432.

It follows that persons entering pleas of guilty to traffic offenses before municipal courts do not by such pleas "reinvest" in said courts jurisdiction, authority or power to try such cases where jurisdiction, authority or power is non-existent ab initio, and a conviction obtained by this method is a nullity and is repugnant to the letter and intent of the Declaration of Rights and the constitution of the state of Florida and the decisions of the appellate tribunals of this state.

The petitioner, William Bazso, is accordingly discharged from further custody.